JOSEPH ROBERTSON *vs.* MOSES COLEMAN & another.

Suffolk.   Jan. 15. — Feb. 26, 1886.   DEVENS & GARDNER, JJ., absent.

A person went to A.'s hotel, and registered his name as B.   He then took to C. goods, of which he represented himself to be the owner, to be sold by C. for him, giving his name as B.   C., believing him to be one B., concerning whom he made inquiries and received by telegraph a favorable answer as to his trustworthiness, sold the goods for him, and gave him, in payment therefor, a bank check payable to the order of B.   He indorsed the check in blank with the name of B., and, upon leaving A.'s hotel, where he had been staying in the mean time under the name of B., gave the check to A. in payment of his board bill, and received the balance of its amount in money from A.   B. was not his true name; and C., upon discovering that he had stolen the goods which he left with him, directed the bank upon which the check was drawn not to pay it.   *Held*, that A. could recover the amount of the check in an action against C.

CONTRACT to recover the amount of a bank check for $91.08, signed by the defendants, dated March 31, 1883, and payable to the order of Charles Barney.   Trial in the Superior Court, before *Knowlton*, J., who reported the case for the determination of this court, in substance as follows:

On March 27, 1883, a young man went to the Metropolitan hotel in Boston, of which the plaintiff was the proprietor, and registered his name . as Charles Barney.   On that or the next day he took to the place of business of the defendants, who sold property as auctioneers, a team, of which he represented himself to be the owner, and which he desired them to sell on his account.   He gave his name there as Charles Barney.   In reply to an inquiry regarding him, they received a message by telegraph that Charles Barney, of Swanzey, was a responsible and trustworthy man.   Believing him to be Charles Barney, of Swanzey, they sold the horse and carriage for him, and three days afterwards gave him, in payment of the money received, the check declared on.   On March 31, he left the plaintiff's hotel, where he had been staying in the mean time under the name of Charles Barney, and, before going, he gave the check to the plaintiff in payment of his board bill of $16.75, and received the balance of its amount in cash from the plaintiff.   At the same time he indorsed it in blank with the name of Charles Barney.   It turned out that Charles Barney was not his true

name, and there was no evidence that he had ever gone by that name before registering at the plaintiff's hotel. The defendants discovered that he had stolen the team which he left with them, and, by their order, the bank upon which the check was drawn refused to pay it. It was in evidence that there was a person in existence by the name of Charles Barney, of Swanzey. It appeared that the plaintiff made no further inquiry as to the identity of the payee than for information which was founded upon the representations of his said lodger.

Upon these facts, the judge instructed the jury as follows: "If the person who took the team to the defendants' place of business left it there under the name of Charles Barney, and the defendants, in receiving it, dealt with him as Charles Barney, and sold the team for him, and three days afterwards gave him the check in the belief that he was Charles Barney, of Swanzey, and was the owner of the team, and said person had in the mean time been boarding at the plaintiff's hotel under that name, and had gone by that name while at said hotel, the plaintiff, upon the receipt from him of said check in good faith, for a valuable consideration, with his indorsement upon it, acquired a good title to it as against the defendants."

The jury returned a verdict for the plaintiff. If the instruction was correct, judgment was to be entered upon the verdict; otherwise, such order to be made as law and justice might require.

*S. J. Thomas & C. P. Sampson*, for the defendants.

*C. F. Kittredge*, for the plaintiff.

FIELD, J. The name of a person is the verbal designation by which he is known, but the visible presence of a person affords surer means of identifying him than his name. The defendants, for a valuable consideration, gave the check to a person who said his name was Charles Barney, and whose name they believed to be Charles Barney, and they made it payable to the order of Charles Barney, intending thereby the person to whom they gave the check. The plaintiff received this check for a valuable consideration, in good faith, from the same person, whom he believed to be Charles Barney, and who indorsed the check by that name. It appears that the defendants thought the person to whom they gave the check was Charles Barney, of Swanzey, a person in existence, but it does not appear that they thought so

from any representations made by the person to whom they gave the check, although this, perhaps, is immaterial. It is clear from these facts, that, although the defendants may have been mistaken in the sort of man the person they dealt with was, this person was the person intended by them as the payee of the check, designated by the name he was called in the transaction, and that his indorsement of it was the indorsement of the payee of the check by that name. The contract of the defendants was to pay the amount of the check to this person or his order, and he has ordered it paid to the plaintiff. If this person obtained the check from the defendants by fraudulent representations, the plaintiff took it in good faith and for value. See *Samuel* v. *Cheney,* 135 Mass. 278; *Edmunds* v. *Merchants' Transportation Co.* 135 Mass. 283.                        *Judgment on the verdict.*