FITCH *et al.* v. KENNARD *et al.*

(*Common Pleas of New York City and County, General Term.* December 5, 1892.)

**1. SALE—DELAY IN SHIPMENT—ACCEPTANCE.**

Where, in an action for damages for failure to ship a car load of eggs on a particular day, it appears that the contract was dependent on an acceptance by plaintiffs of an offer of sale by defendants, made through a broker, plaintiffs are not entitled to recover if such offer was not accepted until the day after the shipment was to be made.

**2. SAME—REPRESENTATIONS OF BROKER.**

If such offer was made on the day that shipment was to be made, and defendants represented that the eggs were then in car, and would be shipped that evening, so as to be delivered "in due time," and plaintiffs relied and acted on such representation, they are entitled to recover.

**3. SAME—EVIDENCE—ADMISSIBILITY.**

Assuming, in such case, that the broker was defendants' agent, they are not bound by his testimony as to the conversation between him and defendants at the time of the sale, and it is error to exclude evidence offered by the latter as to such conversation, though contradictory of the evidence of such broker. 19 N. Y. Supp. 468, reversed.

**4. SAME—WHEN NOT IN WRITING.**

In an action for damages for failure to ship a car load of eggs on a particular day, a "purchase ticket," probably constituting a contract of sale, was not introduced in evidence or proved. It appeared that a telegram by a broker, negotiating the sale, only communicated to plaintiffs the offer of defendants to sell a car load of eggs, which "leave to-night," and that the bill of lading contained no agreement of sale between the parties. *Held*, that the record did not show the contract of sale was in writing, and parol evidence to establish it was competent.

Appeal from city court, general term.

Action by Halsey Fitch and Walter S. Fitch against Alexander A. Kennard and Alexander D. Kennard to recover damages on a contract of sale of a car load of eggs, and failure to ship the same on a particular day. From a judgment of the general term of the city court affirming a judgment entered on a verdict for plaintiffs, (19 N. Y. Supp. 468,) and affirming an order denying a new trial, defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Gruber & Landon*, (*Abraham Gruber*, of counsel,) for appellants. *J. George Flammer*, for respondents.

PRYOR, J. The action is for damages from breach of an alleged contract by defendants to ship a cargo of eggs in Chicago, on the night of the 18th of

March, 1891, to the plaintiffs in New York. The shipment was not made till the 19th of March. The single question in controversy is, did the de-. fendants agree to ship the eggs on the night of the 18th of March? By the plaintiff's own evidence it appears that the broker negotiated the sale on the 18th of March, and consummated it on the 19th. Indeed, it is not apparent how the sale could have been made on the 18th, seeing that it was not until the 19th that the plaintiffs gave the broker authority to accept the defendants' offer, *i. e.*, to buy; and that it was not until the 19th that he communicated his authority to the defendants, the sellers. The "purchase ticket," *i. e.*, the contract of sale, executed by the broker and given to the defendants, was not so executed and delivered until the 19th. Assuming, then, an agreement to ship on the 18th, that agreement was necessarily provisional, and dependent on the consummation of the sale; and, since the sale was not, in fact, consummated till the 19th, without more, there could have been no binding agreement to ship on the 18th. Suppose that after the negotiation on the 18th, and the then agreement to ship that night, the sale had gone off, would the plaintiffs have had a claim of damages against the defendants for failure to ship on the 18th? After the miscarriage of the sale, plaintiffs could have had no right to the possession of the eggs, and defendants could have been under no obligation to ship them on the 18th, or at any other time. Whatever "understanding," therefore, may have existed between the parties to ship on the 18th, was necessarily canceled by the failure to consummate the sale until the 19th. But upon all the evidence the case presents another aspect, and warrants a different conclusion. The broker testifies in behalf of the plaintiffs, that the defendants represented that the· eggs would be shipped that evening, (the 18th,) "whether we bought or not;" and that he consummated the sale on the 19th, "with the understanding that the car was then in transit." The case, then, is this: Pending defendants' offer to the intending buyers, they represented that the eggs were then in car, and would be shipped that evening, (the 18th March,) so as to be delivered in New York "in due time," and upon the faith of that assurance the plaintiffs bought and paid for the eggs. We are of opinion that the representation so relied and acted on constitutes an agreement, for infraction of which by the defendants they are responsible in damages to the plaintiffs. *Hawkins* v. *Pemberton*, 51 N. Y. 198.

But appellants impeach the judgment for error as well in the exclusion as in the admission of evidence. The contract of sale and purchase was negotiated by Davis & Co., of whom one Dodd was an employe, and who, in fact, made the contract. The issue in the case, we repeat, was whether the defendants agreed to ship the eggs on the 18th; and surely, under their denial, they were at liberty to controvert the evidence of the plaintiffs, and disprove the alleged agreement. Nevertheless, when the defendant Kennard and other witnesses were asked to give the conversation at the time of the contract of sale between defendants and Dodd, the evidence was rejected, and upon the ground that Dodd was the agent of the defendants, and that so they were concluded by his testimony. It is our opinion that on the undisputed evidence Dodd was the broker of the plaintiffs, and that the defendants negotiated with him for themselves; but, assume otherwise, and still it is clear to demonstration that defendants had a right to contradict Dodd's version of the transaction. If the broker of the defendants, they were not bound by his testimony; nay, not even had he appeared as their witness. The law is not so unjust as to sacrifice a principal to the perjury of his agents, when the principal has in his hands the means of exposing the perjury. It will not avail on an appeal, as thought the general term of the court below, to argue that the questions were too general, or that the offer was to show an inconsistent statement by Dodd without affording him a previous opportunity of explanation. The exclusion of the evidence in the trial court

went upon the sole and specific ground that Dodd was defendants' agent to sell; and upon that ground the evidence must stand or fall in this appellate tribunal, "unless the evidence was in no aspect of the case competent, or could not be made so." *Briggs* v. *Wheeler*, 16 Hun, 583, (directly in point,) and *Tooley* v. *Bacon*, 70 N. Y. 34, 37. We may add that the questions could not have been made more definite without leading the witnesses; and that, were the objection proper, the ruling could not be sustained upon the authority of *Stacy* v. *Graham*, 14 N. Y. 492,—an adjudication in no respect applicable to the point in discussion. Respondents answer that the contract of sale was in writing, and so was not open to parol contradiction. The "purchase ticket" did probably constitute a contract of sale, but it was not produced or proved in evidence. The telegram of Davis only communicated the offer of defendants to sell a car load of eggs, accompanied with the statement of Davis that they "leave to-night." The bill of lading acknowledged the receipt of the eggs, and expressed the terms upon which they were to be carried, but contained no agreement of sale between the sellers and the buyers. We fail to find in the record any written contract of sale. We incline to the opinion that the court below erred also in the admission of evidence, but we forbear discussion of other exceptions, since the one sustained requires a reversal of the judgment.

Judgment reversed, and a new trial ordered, costs to abide the event.