## WRONGFUL PAYMENT OF A CHECK TO AN UNIDENTIFIED HOLDER.

Common Pleas Court of Hamilton County.

S. GOLDBERG v. PEOPLES BANK & SAVINGS CO.*

Decided, January, 1913.

*Banks* and *Banking—Liability of Bank Paying a Check to an Unidentified Holder.*

Unless the circumstances are such as to amount to a direction by the drawer of a check to the bank upon which it is drawn to pay the check without reference to the genuineness of the endorsement, or a prior course of dealing warranting such payment, the bank is liable if payment is made on an unauthorized endorsement.

*Chas. F. Hornberger* and *Harry R. Weber,* for plaintiff.

*Alfred Mack,* contra.

HUNT, J.

S. Goldberg having an account with the Peoples Bank & Savings Company, in December, 1908, sent by mail a check to New York for $94.07, payable to "Rudinsky Brothers." On January 6, 1909, a party having possession of said check and claiming to be of the firm of "Rudinsky Bros." presented the same at the bank. The paying teller declined to pay the check and directed the party to have S. Goldberg identify him. The holder of the check then requested Mr. Goldberg to cash the check, but he declined to do so. Shortly afterward, Goldberg met the holder of the check on the street. In response to the holders urgent request for money, Mr. Goldberg then went with him to the Queen City Bank, about two squares from the Peoples Bank, and drew two checks on the Peoples Bank in lieu of the first check, one for $14, payable to bearer and endorsed in blank by S. Goldberg, and the other check for $80.07 payable to the order of Rudinsky Bros., and delivered both checks to

*Affirmed by the Court of Appeals, *Peoples Bank* v. *Goldberg,* March 8, 1915.

the party, saying, "I will take a chance on you for $14." The holder of the checks then presented the $14 check to the paying teller of the Peoples Bank, having made thereon the additional indorsement of "Rudinsky Bros." At the same time he again endorsed thereon "Rudinsky Bros." Thereupon the $14 check was paid by the bank. The holder of the checks then presented the check for $80.07 for payment, and endorsing "Rudinsky Bros." on such check; received the amount from the paying teller. The holder of the checks then made some explanation to the paying teller as to the reason why the original check was divided into two checks, but Mr. Goldberg knew of no such explanation. Mr. Goldberg did not communicate with the bank in any way during these transactions, except by way of the checks presented. The holder of the checks was not in fact a member of the firm of "Rudinsky Bros." and had no authority to endorse such name. In this action Goldberg asked for judgment against the bank for the amount of the second check, $80.07, which was charged against his account.

The law of the case is well settled by the Supreme Court in the following cases:

*Dodge* v. *Bank*, 20 Ohio St., 234:

"The duty of a banker is to pay the checks and bills of his customer drawn payable to order, to the person who becomes holder by a genuine indorsement; and he can not charge him with payments made otherwise, unless the circumstances amount to a direction from the customer to the banker to pay the paper without reference to the genuineness of the indorsement, or are equivalent to a subsequent admission that the indorsement is genuine, in reliance on which the banker is induced to alter his position.

*Armstrong* v *Bank*, 46 Ohio St., 512:

"In the absence of a course of dealing or understanding to the contrary between the parties, the duty of a banker is, in all cases, to pay the person named, or his order, where the terms of the check are such; and he may, and should withhold payment until fully satisfied as to the genuineness of the indorsement."

Practically the same rule is recognized in the case of *Murphy* v. *Bank*, 191 Mass., 159.

The cases of *Robertson* v. *Coleman*, 141 Mass., 231, and *United States* v. *Bank*, 45 Fed. Rep., 163, are no inconsistent with the above rules, because in such cases the court finds that it was the intention of the drawer of the check that the money was to be paid to the person to whom the check was given, such person being recognized, or in the banker's terms, identified as the payee named  Even though the person to whom the check be delivered has authority to receive possession of the check, that does not authorize the bank to pay the check without proper endorsement. *Dodge* v. *Bank, supra.*

In the case at bar there are no circumstances amounting to a direction by Goldberg to the bank to pay the check without reference to the genuineness of the indorsement, nor was there any prior course of dealing or understanding, exempting the banker paying only to the payee as named or order; nor was there any intention that the check payable to Rudinsky Bros. should be paid to the person to whom the check was given without proper indorsement. On the contrary, the fact that the holder of the first check, after being refused payment for want of identification, came back with the check divided into two checks, one payable to bearer thereby eliminating the necessity of identification as to such check, the other payable to Rudinsky Bros., was itself notice that Goldberg had refused, or at least, seen fit not to identify the holder as the proper payee of a check payable to Rudinsky Bros., and intended that as to the $14 check no identification should be required, but that as to the check for $80.07, identification should be required.

Judgment is therefore given in favor of the plaintiff.