## SUPREME COURT — APPELLATE TERM — FIRST DEPARTMENT.

### December, 1917.

### WILLIAM DINNEBEIL v. FREDERICK C. RINGER.

#### (101 Misc. 658.)

WHO HAS LEGAL TITLE TO PROCEEDS OF STOLEN PROPERTY—GREATER NEW YORK CHARTER, §§ 331-336—EVIDENCE—CRIMINAL LAW.

A thief has the legal title to the proceeds of a sale of property stolen by him.

Upon the arrest of one who had stolen certain jewelry, the proceeds of a sale thereof upon being taken from his person were turned over to defendant, as property clerk, pursuant to sections 331-336 of the Greater New York Charter, the thief confessed, pleaded guilty to a charge of grand larceny in the first degree, the stolen property was returned to the owner, but the purchasers from the thief took no action for the protection of any rights they might possibly have. *Held*, that upon the facts it was error to dismiss the complaint in an action for money had and received brought by the assignee of the thief to recover the money turned over to defendant as property clerk.

That under a separate defense, that defendant was required to hold the money in question to be used as evidence in certain criminal proceedings which were pending and undetermined, he was entitled to show that the certain persons proceeded against are the purchasers of the stolen property, the convicted thief, or even other persons for other crimes, and that, upon proof of such facts, plaintiff could not recover though the holder of the legal title to the money.

That declarations of plaintiff's assignor made subsequently to the assignment of the money in question, as to his right to the proceeds of the sale of the stolen property, were inadmissible.

APPEAL by plaintiff from a judgment of the City Court of the City of New York dismissing the complaint at the close of plaintiff's case.

*David Schneir* (*David Weiss*, of counsel), for appellant.

*Lamar Hardy, Corporation Counsel (Terence Farley* and *William E. C. Mayer,* of counsel), for respondent.

PHILBIN, J.:

It appears that one Van Gulick stole some jewelry and then sold it to certain persons and was later arrested. The sum of $1,250 was taken from his person and turned over to the defendant as property clerk, pursuant to the provisions of the Greater New York Charter (§§ 331-336). The money was the proceeds of the sale of the stolen property. Van Gulick is now in prison, having confessed to the theft of the jewelry and pleaded guilty to grand larceny in the first degree. The stolen jewelry has been returned to the owner. The purchasers have not yet taken any action for the protection of any rights they may possibly have. Van Gulick has by mesne assignment transferred to the plaintiff whatever claim he may have to the said proceeds. After demand for the money was made upon the defendant, plaintiff brought this action for money had and received. At the close of plaintiff's case, the above facts appearing, the complaint was dismissed.

The plaintiff made out a *prima facie* case. It seems to be the law that a person who steals property and then sells it gets legal title to the proceeds. (Warren v. Haight, 65 N. Y. 171, 177, 178.) For that reason, it was error to dismiss the complaint and defendant should have been put to his proof. I do not think, however, that this court should remit this case for retrial without indicating the rights of the property clerk.

It must be borne in mind that sovereignty, in the exercise of the inherent police power, may impose reasonable limitations upon the individual for the general welfare of society. The attitude of the State, particularly in relation to crime, is dictated by a regard for the rights and welfare of the people generally. A person may be compelled to join in the prosecution of a crime that ostensibly affects him alone. He may even be

detained as a necessary witness in a criminal proceeding. If the State may thus deprive a person of his liberty, it certainly may deprive him temporarily of the possession of his property. Such temporary withholding of possession is contemplated by the statutory provisions defining the duties and rights of the defendant.

The property clerk is made the custodian of all property taken from the person of a prisoner, and of all property alleged or even supposed to have been feloniously obtained, provided the same comes into the possession of the police department or any criminal court or magistrate in the city; and if any property is desired as evidence in any police or other criminal court provision is made for the delivery of the same to any officer who presents a proper order. These sections were passed upon in the case of Simpson v. St. John (93 N. Y. 363). The sheriff, by virtue of a requisition in a replevin action, demanded certain chattels from the property clerk, who refused to give them up, and an order for his arrest was asked. The Court of Appeals says: " The order of arrest was refused on the ground that the chattels sought to be recovered were in the custody of a criminal court, pending the prosecution of the party alleged to have stolen them. Such a temporary retention of property for the purposes of criminal justice is within the police power. It is no manner denies or affects the title of the true owner, but postpones his right of possession until the exigencies of the prosecution are satisfied. Very often the production and identification of the stolen articles are essential to the conviction of the thief, and if by a claim of title they could be taken from the possession of the criminal court before trial of the offender, it would always be possible for him to put out of the way evidence necessary to his conviction. The property clerk in the city of New York is merely the agent of the criminal court pending the prosecution, and holds the property for the time being subject to its orders. It is, therefore, in the custody of the law, and

cannot be taken away until that custody is ended by a conviction or acquittal, or by an order of the magistrate permitting its surrender to the owner." In short, property in the possession of the defendant, pending criminal prosecution, in which such property may be needed as evidence, is in the " custody of the law."

In considering the above quotation, one may argue that the property there was chattels, whereas here it is money, and that the retention of the latter for the purpose merely of evidence cannot be justified, as money has no distinctive traits or identifying characteristics, and that oral testimony will serve all necessary purposes. The answer is that this may not be so under the particular circumstances involved.

When Van Gulick sold the jewelry the purchasers either knew or did not know that he had stolen it. If they knew they were guilty of the crime of criminally receiving stolen property (Penal Law, § 1308) ; if they did not know, Van Gulick must have misled them by a false pretense of ownership or agency to sell, in which case he was guilty of the additional crime of obtaining money under false pretenses, for the statute says that a person who, with intent to deprive or defraud the true owner of his property, obtains possession by color or aid of fraudulent representations or pretenses, steals such property and is guilty of larceny. (Penal Law, § 1290.) It is to be noted that the false representations need not be express, for the conduct of a person and the natural inferences to be drawn therefrom may speak louder than mere words. It is not necessary that the seller should say, " I am the owner of this property and will sell it to you," or " I am an agent duly authorized to sell this property," for where a person undertakes to sell property he impliedly represents that he either owns it or has authority to sell, and the implied representation is an essential and integral part of the transaction. It is seen, therefore, that in the selling of the stolen jewelry, no matter which way we turn, a second

felony was committed, either by the purchasers in criminally receiving stolen goods or by the seller in obtaining money from the purchasers under false pretenses. The inference is that criminal prosecution will follow.

The defendant has pleaded a separate defense alleging that certain criminal proceedings are pending and undetermined against certain persons, and that defendant is required to hold the money in question to be used as evidence by the criminal authorities. Under this plea the defendant may show that the certain persons proceeded against are the purchasers of the stolen property, the convicted thief, or even other persons for other crimes. And if defendant sustains his allegation the plaintiff, in my opinion, cannot recover at the present time, even though he is the holder of legal title to the money.

As has been seen, where a person steals or wrongfully deprives another of his property, and then sells it, he gets legal title to the proceeds of the sale. (Warren v. Haight, *supra;* American Sugar Refining Co. v. Fancher, 145 N. Y. 552.) As between private individuals, where there has been a deprivation of property by fraud, the title continues vested in the wrongdoer until there has been a disaffirmance of the transaction by the person wronged. The rule, however, does not apply so as to interfere with the criminal prosecution by the people. Such prosecution is necessarily based upon the theory that the wrongdoer has unlawfully deprived the true owner of his property, and, therefore, it is not necessary that there should be a rescission of the transaction by the latter in order to sustain a prosecution. It may be further said that, should Van Gulick eventually be convicted of the statutory larceny of obtaining money under false pretenses, he would necessarily be adjudged not to be the holder of title and, therefore, without any right to recover possession of the money in question. The conclusion reached may be summarized thus: If the $1,250 is the *corpus delicti* of the statutory larceny, plaintiff has no title to it; if only the proceeds of the sale of the *corpus delicti* of the original theft (jewelry), the plaintiff has title.

The facts in the case were mainly brought out on cross-examination of plaintiff's witness over objection and exception by

plaintiff upon the ground that the questions called for matter not within the issues of the pleadings. The witness testified as to declarations made by the thief after the assignment of his right to the proceeds of the sale. There was no objection on the ground that the plaintiff was not bound by such declarations. If a proper objection had been made, there is no reason to believe that it would not have been sustained. If an objection is made on a specific ground, an exception can be urged on appeal on that specific ground and no other. (Fitch v. Kennard, 2 Misc. Rep. 95, 97.) There was, therefore, no error in overruling plaintiff's objection. However, as a new trial must be had for the error in dismissing the complaint, it will be well to bear in mind that declarations made by the assignor of personalty subsequent to the assignment are not admissible against the assignee. (Wangner v. Grimm, 169 N. Y. 421, 431.) Similar declarations made prior to the assignment are also inadmissible (Merkle v. Beidleman, 165 N. Y. 21) where the assignee is a purchaser for value.

Judgment reversed, new trial ordered, with costs to appellant to abide the event.

BIJUR, J. (concurring):

Plaintiff sues as assignor of one Van Gulick, who, it is admitted, was in possession of $1,250 which the defendant received from him. It appeared that Van Gulick had stolen certain property, sold part of it and received $1,250 therefor, and that upon his arrest the $1,250 was taken from him by the police and deposited with the defendant as property clerk. Subsequently, Van Gulick was convicted of, and sentenced to a term of imprisonment for, the theft.

I cannot find in respondent's brief any basis for the judgment sought here to be sustained. The learned corporation counsel says " it is a question of title." Cases are then cited

for the proposition that if goods are stolen and sold in market overt, " the owner's property is not altered *in them,* but he may take them wherever he finds them; " also that the *owner* of negotiable securities stolen may pursue the proceeds of the sale in the hands of the felonious taker or his assignee with notice. If this case turns " on the question of title " neither of the principles asserted by respondent seems to have any application. The money, to recover which this action is brought, was not stolen; consequently the rule that title to goods stolen is not lost by the owner is quite beside the point.   Nor is this action brought by the owner of stolen goods to pursue the proceeds in the hands of either the felonious taker or his assignee; consequently the second rule set out is without any force here. Finally, although respondent cites sections 331 and 333 of the charter, I find nothing in those sections or in any other sections referring to the property clerk which either expressly or by implication covers this case, nor does respondent explain how they do.

Respondent's counsel says: " The money in question here, as proceeds of sold stolen chattels, is stolen itself as a matter of law, as it stands in the place of the stolen chattel."   This seems to me to be the vital point of the case and to be a totally incorrect statement of the legal situation.   No authority is cited for the proposition, and a considerable search which I have made reveals none, except that in Commonwealth v. Boudrie (70 Mass. 419) Bigelow, J., says of stolen property: " But if the property has been changed or converted into money the defendant may be well convicted of the larceny without any determination of the question as to his right to the property or money actually found in his possession." (See, also, Roberts v. Coleman, 141 Mass. 231.) Whatever, therefore, may be the right of the original owner of the stolen property, which rights are neither involved nor suggested in the present case, or whatever the possible relations between the purchaser of the stolen goods and the

thief, concerning which this record is entirely barren, there seems to be no ground presented by the present record on which the right to possession of the money sued for on the part of the plaintiff can be successfully challenged.

The ingenious suggestion has been made that the testimony which was admitted in regard to the circumstances under which Van Gulick sold the jewelry may be interpreted as signifying that the purchaser was innocent of knowledge that the jewels had been stolen; that Van Gulick, therefore, must be assumed to have sold them with an implied warranty of title in himself; that this was a false representation to the vendee; and that, consequently, the money was obtained by what the Criminal Code defines as larceny, and was finally, therefore, feloniously obtained. I am far from clear that the circumstances of the sale permit of the inference of innocence on the part of the vendee, but I shall assume that such inference is permissible, and that it would, therefore, follow that this money had been obtained by Van Gulick, plaintiff's assignor, by way of false representations, or, as it is sometimes termed in the criminal law, false pretenses. That fact, however, would not change the determination of the rights of the respective parties to this litigation. A person who obtains money or property through false representations is, nevertheless, invested with the title thereto until divested by some affirmative act of the party defrauded in the exercise of his option to cancel the transaction *ab initio*. The distinction is clearly recognized in the cases between money obtained by theft, namely, larceny, as it is known at common law, and money obtained by false representations, even though that process be defined in statutory law as larceny or a felony. In the case of theft or common law larceny, no title is obtained by the thief. In the case of false representations, or what I might term merely statutory larceny, the title passes. (Benedict v. Williams, 48 Hun, 123; Barnard v. Campbell, 58 N. Y.

73-76; American Sugar Ref. Co. v. Fancher, 145 id. 522, 560, 561. See, also, Marden v. Dorthy, 160 id. 39, 59.)

Further reference is also made in this connection to the power of the property clerk to receive and to hold money " alleged to have been feloniously obtained." Adopting even a very liberal view of the sections of the charter which I have cited, which define the powers and duties of the property clerk, and assuming that he had properly obtained possession of these moneys under these provisions, it is nevertheless provided that the property clerk may dispose of the money or property which has come into his hands only (§ 335) if it " be not claimed by the owner." It seems to me quite clear upon the authorities that, until some action be taken, either by the person from whom the property was originally stolen or the person who we have assumed parted with the money on false representations, Van Gulick must, in the eye of the law, be deemed to be the " owner," and that this action by his assignee is properly brought.

I express no opinion on the result of proof, if any be adduced, to the effect that the money involved is retained by the defendant as evidence in a criminal prosecution.

Judgment reversed and new trial ordered, with costs to appellant to abide event.