*Municipal Court of the City of Boston*

No. 382219

## RUTH POLONSKY

**v.**

## STATE STREET TRUST COMPANY

(January 19, 1955)

*Roberts, J.* This is an action of contract or tort

to recover the sum of $1,182.44, said sum representing the amount of a check drawn on the defendant bank by the Union Federal Savings and Loan Association, and made payable to the order of Ruth Polonsky. The defendant pleaded a denial, payment and contributory negligence.

The trial court was warranted in finding the following facts:

"On July 8, 1953, a joint savings account was opened at the Union Federal Savings and Loan Association Bank by the plaintiff's husband with a deposit of $1,182.44. The plaintiff was not present. The husband was given a signature card at the bank and instructed to have the plaintiff sign the card. This was done on July 14, 1953 and the card was returned to the Bank. A bank book for the account was given to the plaintiff's husband. The inside cover of the book contained the following: '*This association shall not be held responsible for money paid out to any person unlawfully presenting this book*'. The plaintiff testified that she never saw the book at any time. The plaintiff's husband put the book in a drawer in their home. In February or March, of 1954, the plaintiff's husband discovered the book was missing. He immediately went to the Union Federal Savings and Loan Association and was told by an employee there that the $1,182.44 had been drawn out by the plaintiff on November 9, 1953. He was shown a withdrawal slip and he replied that it was not his wife's signature.

The plaintiff denied that the signature on the withdrawal slip was hers and she also denied that the endorsement on the check was hers.

There was uncontradicted evidence by Joan Rose, a teller at the Union Federal Savings & Loan Association, tending to show the following:

On November 9, 1953, a lady presented herself at the Union Federal Savings & Loan Association bank with the plaintiff's bank book. This lady told the

bank teller that she was Ruth Polonsky and wanted to draw out all of the money in the plaintiff's account. The lady signed a withdrawal slip and gave it to the teller. The teller filled in the date, the amount, and the account number and wrote the word 'check' on the withdrawal slip. The teller then compared the signature on the withdrawal slip with the signature card and ordered a check from the bank's treasurer. After the check was made out payable to Ruth Polonsky, it was signed by the treasurer, and the teller delivered it to the lady. The teller testified that her intention was to deliver the check to Ruth Polonsky, the plaintiff, and that she understood that the person to whom she delivered it was Ruth Polonsky.

The lady took the check to the defendant bank, which after calling the Union Federal Savings & Loan Association and inquiring whether Ruth Polonsky had drawn out her money, cashed it. The check was introduced in evidence and bore the endorsement "Ruth Polonsky" on the reverse side. There was evidence that the signature "Ruth Polonsky" on the back of the check was a forgery.

The defendant rested at the close of the plaintiff's evidence.

At the close of the trial and before the final arguments the plaintiff made the following requests for rulings:

1. The evidence warrants a finding for the plaintiff;

2. The evidence does not warrant a finding for the defendant;

3. It is the duty of a bank in making payment of a check of a depositor to see that the signature of the payee of the check is genuine.

4. If a bank cashes a check of one of its depositors payable to a payee who is not a depositor and it appears that the bank did not exercise proper care in ascertaining the identity of the payee, the payee may maintain an action of tort for conversion against the bank;

5. The evidence warrants a finding that the State Street Trust Company was negligent in cashing the check;

6. The burden is on the defendant to show that the plaintiff was guilty of such negligence as to preclude recovery;

7. Where both parties to a transaction are innocent and the loss must fall on one, it should be upon the one who in law most facilitated the fraud;

8. A bank on which a check is drawn must ascertain at its peril the identity of the person named as its payee;

9. The evidence warrants a finding that the endorsement "Ruth Polonsky" on the check was a forgery.

The Court allowed requests Nos. 1, 3, 4, 5, 8, and 9, denied requests Nos. 2, and 6, and ruled that request No. 7 was immaterial with the notation 'See findings.'

*The Court found the following facts*:

'I find that the Ruth Polonsky named on the check in issue was an impostor. However, I find that the check was issued to the impostor as payee and that the defendant in paying the check paid the money to the person whom the drawer originally dealt with as payee. My finding for the defendant is governed by principles laid down in *Edmunds v. Merchants' Trans. Co.*, 135 Mass. 283; *Robertson v. Coleman,* 141 Mass. 231; *Wasilauskas v. Brookline Savings Bank,* 259 Mass. 215; *Santa Maria v. Industrial City Bank,* 326 Mass. 440."

*The Court found for the defendant.*

The case comes before this Division on the issue of the denial of the plaintiff's second, sixth and seventh requests for rulings and since the defendant has elected to base its argument on the count for negligence. (*Blacker & Shepard Co. v. Granite Trust Co.*, 284 Mass. 9,) we treat the contract count as waived. *Drain v. Brookline Savings Bank,* 327 Mass. 435-438.

On the issue of negligence the defendant has a finding, and the trial court has set forth in a memorandum detailed findings of fact hereinbefore set forth which are not only consistent with a finding

for the defendant, but which seem amply supported by the evidence reported. This finding must stand unless it be shown that there was error in the denial of the plaintiff's requests. *Perry v. Hanover*, 314 Mass. 167-169.

The plaintiff argues that the court was not warranted in finding for the defendant (second request) but was obliged to find on the evidence that the defendant was negligent in cashing the check in question. We cannot agree with this conclusion, for it rarely can be ruled as a matter of law that the party having the burden of proof has maintained his case when the decision rests upon the credibility of oral testimony and the inferences to be drawn from circumstances. *Winchester v. Missin*, 278 Mass. 427-428; *Moss v. Old Colony Trust Co.*, 246 Mass. 139-143. In this case it was first necessary for the plaintiff to establish that she was actually the payee of the check in question. *Santa Maria v. Industrial City Bank*, 326 Mass. 440, 445.

The trial court found that the plaintiff was not the payee of the check and in the light of this finding it is unnecessary that we consider the plaintiff's contention that there was no evidence that the defendant made any attempt to identify the party presenting the check, but in passing, we comment that to the contrary, there was evidence that the defendant's employee called the savings association which drew and delivered the check and made appropriate inquiry before the check was cashed. In this respect it seems clear to us that under these circumstances the trial judge in adopting the rulings requested by the plaintiff (numbered 1, 3, 4, 5, 8 and 9) adequately instructed itself in connection with the law applicable. The facts in the case at bar differ materially from those of *Blacker & Shepard Co. v. Granite Trust Co.*, supra, cited by the defendant, where there was no question as to the identity of the person to whom the check was issued by the drawer.

It has been further contended that the trial judge erred in finding "the check was issued to the impostor as payee and that the defendant in paying the check paid the money to the person whom the drawer originally dealt with as payee". Under principles set forth in *Santa Maria v. Industrial City Bank & Banking Co.*, supra, with discussion of authority on page 444, there is nothing incompatible with this finding and the law of the Commonwealth governing the obligation of the parties to this transaction. To the contrary, it was imperative at the inception that the trial court determine as a fact the intention of the drawer of the instrument, *Robertson v. Coleman*, 141 Mass. 231; *Samuel v. Cheney*, 135 Mass. 278-281 and such determination was made when the court found that issuance of the check was to an impostor and a "wrongdoer was the payee intended by the maker to be the payee, although the drawer was mistaken as to his identity". *Wasilauskas v. Brookline Savings Bank*, 259 Mass. 215-219. (G. L. (Ter. Ed.) c. 107, §18 "Issue") Nor can we agree with the argument that the court was obliged to find that the bank Treasurer in drawing the check intended to issue it only to the depositor who may or may not have been an impostor, for this is but one of the circumstances bearing on the question of the ultimate delivery of the check to the wrongdoer. *Edmunds v. Merchants' Transportation Co.*, 135 Mass. 283. "The name of a person is the verbal designation by which he is known, but the visible presence of a person affords surer means of identifying him than this name." *Robertson v. Coleman*, supra, at page 232.

Finally, the plaintiff's contention that §45 of c. 107 is controlling falls with the finding that the payee of the check was an impostor rather than the plaintiff, for "the indorsement of the impostor was not a forgery, the plaintiff cannot recover and Chapter 107, section 45 is not applicable." *Santa Maria v. Industrial City Bank*, 326 Mass. 440, 442.

The plaintiff has not been prejudiced by the denial

of her sixth request. She was found not to be a party to the transaction and her own conduct was not at issue. Lastly, the plaintiff was not entitled to her seventh request for it is based upon an equitable principle having no application to the facts of the case.

*Report dismissed.*

A. Herbert Kahalas, for the plaintiff.

Peabody, Arnold, Batchelder & Luther, for the defendant.