LOUIS SINGER *vs.* MERCHANTS DESPATCH TRANSPORTATION
COMPANY.

Suffolk. March 6, 1906. — May 15, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, LORING,
BRALEY, & SHELDON, JJ.

*Carrier. Contract. Bill of Lading.*

If a shipper of goods accepts from a carrier a receipt for the goods stating on its
face that the property is received for transportation upon the conditions printed
on its back, those conditions become a part of the contract.

If a shipper of goods accepts from a carrier a bill of lading stipulating that unless
it is therein directed that the property shall be delivered to the "order" of the
consignee the property may be delivered without requiring the production or
surrender of the bill of lading, the carrier performs his duty by delivering
the goods to the person to whom they are addressed and who is named as
consignee.

Where goods are delivered by a carrier to the person to whom they are addressed
in accordance with the terms of the bill of lading it is immaterial that the con-
signor meant by the address another person of the same name if this fact was
not communicated to the carrier.

In an action against a common carrier for the loss of three cases of shoes, the fol-
lowing facts appeared : The plaintiff was a shoe dealer in Boston named Louis
Singer, and delivered the cases of shoes to the defendant for transportation to
Springfield, Illinois, marked " L. Singer, Springfield, Ill." He took from the
defendant a receipt on the face of which was printed "The conditions upon
which the above mentioned property is received for transportation are printed
on the back hereof." On the back of the receipt among other stipulations was
printed the following : " If the word 'order' is written hereon immediately be-
fore or after the name of the party to whose order the property is consigned,
without any condition or limitation other than the name of a party to be notified
of the arrival of the property, the surrender of this bill of lading, properly en-
dorsed, shall be required before the delivery of the property at destination. If
any other than the aforesaid form of consignment is used herein, the said prop-
erty may, at the option of the carrier, be delivered without requiring the pro-
duction or surrender of this bill of lading." On the receipt under the heading
" Marks and numbers " was written " L. Singer, Springfield, Ill." The word
" order " was not used. The defendant without calling for any bill of lading
delivered the goods to Lena Singer, a dealer in second hand furnishing goods,
boots and shoes, doing business in Springfield, Illinois, under the name of
L. Singer. She was so known to the defendant's representatives there and
goods had been received for her over the defendant's line nearly every week
addressed to L. Singer. The plaintiff intended to direct the cases to himself.
He did not know that there was any person of the name of Lena Singer or
L. Singer in Springfield, Illinois. He indorsed the receipt in blank, attached it
to a draft for the purchase money, and sent it through a bank in Boston to
Springfield, Illinois, with a request to notify his customer in Springfield, Illinois,

who had ordered the shoes from him. For about five years the plaintiff had been sending goods about six or seven times a year by the defendant to the same customer at Springfield, Illinois, addressed in the same way, and never had had any trouble before. *Held*, that the contract of the defendant was to deliver the cases of shoes to L. Singer, Springfield, Illinois, without requiring the production of a receipt or bill of lading, and that the defendant had performed this contract and was not liable to the plaintiff for the loss of the goods. *Held, also,* that the fact that the plaintiff for five years had sent goods six or seven times a year addressed in the same way was immaterial, as the defendant's agent at Springfield was not bound to remember this, and was not chargeable with knowledge of the fact.

Where the instructions to a carrier as to the delivery of goods are plain and not doubtful under the circumstances known to the carrier, if he follows the instructions he has performed his duty and no question of his negligence arises.

If a shipper of goods wants them held as security for his draft for the purchase money he should have the goods billed to his own order and indorse the bill of lading to the bank discounting his draft. If instead of this he bills the goods "straight" he may lose his security by the carrier delivering the goods without the production of the bill of lading.

CONTRACT OR TORT for the value of three cases of boots and shoes entrusted to the defendant for transportation to Springfield, Illinois. Writ in the Municipal Court of the City of Boston dated December 2, 1901.

On appeal to the Superior Court the case was tried before *Wait,* J., without a jury. The following facts were agreed for presentation to this court:

The plaintiff in November, 1900, was in the wholesale and retail shoe business at 10 Cross Street in Boston. On November 21, 1900, he delivered to the defendant for transportation to Springfield, Illinois, three cases of boots and shoes, directed to himself and marked "L. Singer, Springfield, Ill." In the ordinary course of business, which was followed in this case, the plaintiff, having in his possession blank receipts or bills of lading of the defendant, filled out the portion of the blank marked "Duplicate," known as a "Tally," and the portion having printed upon its back certain printed conditions, and known as a "receipt." The plaintiff wrote in the upper part of the receipt the date "Nov. 21," and immediately under it the words "L. Singer, 10 Cross," in the space under the words "Marks And Numbers" the words "L. Singer, Springfield, Ill.," and in the space under the word "Packages" the words "3 Cases Shoes." He also wrote the same words and figures in the corresponding places on the tally. On the face of the receipt at

the bottom was printed " The conditions upon which the above mentioned property is received for transportation are printed on the back hereof."

On the back of the receipt the conditions referred to were printed in eleven paragraphs. The ninth paragraph was as follows:

" 9. If the word 'order' is written hereon immediately before or after the name of the party to whose order the property is consigned, without any condition or limitation other than the name of a party to be notified of the arrival of the property, the surrender of this bill of lading, properly endorsed, shall be required before the delivery of the property at destination. If any other than the aforesaid form of consignment is used herein, the said property may, at the option of the carrier, be delivered without requiring the production or surrender of this bill of lading."

The plaintiff gave these forms, so filled out, together with the three cases of boots and shoes, to his teamster, who always took packages for him, and the teamster took them to the shipping place of the defendant in Boston, where he surrendered the tally and retained the receipt, which was stamped by the defendant with the usual revenue stamp and signed by Dugan, the receiving clerk. The plaintiff then indorsed the receipt in blank and attached it to a draft on the State Bank of Chicago, and sent this draft to Springfield, Illinois, through the Shoe and Leather National Bank of Boston, which was the plaintiff's bank, giving them directions which were upon the draft, to notify one Guralnik, who was a customer of his living at 321 East Jefferson Street, Springfield, Illinois. Guralnik had sent the plaintiff the order for the three cases of boots and shoes in question and with it he sent a deposit of $10, the full price of the boots and shoes being $117. The plaintiff had been doing business in Boston for eleven years, and had been sending goods to Springfield, Illinois, for about five years previous to November 21, 1900, about six or seven times a year to the same Guralnik, and had always sent his goods addressed in the same way, namely, " L. Singer, Springfield, Ill.," and through the defendant company, and he never had had any trouble before this time. The name " Guralnik " never appeared on the cases of goods or on the papers, and did not in

this case. After a time, the draft and the receipt came back from the Shoe and Leather National Bank, and information reached the plaintiff that some one other than Guralnik had received the goods.

On December 15, 1900, the plaintiff gave to Guralnik a power of attorney to demand and receive the goods. He gave this power, because Guralnik wrote him that one L. Singer of Springfield had the goods, and asked him to send him the power.

About December 21, 1900, the plaintiff called upon one Davison, the agent of the defendant at Boston, and made claim for the value of the goods.

On December 26, 1900, the plaintiff surrendered the original receipt to the defendant at Boston and obtained a bill of lading made out in the same way and containing the same conditions on the back.

Dugan, the receiving clerk at the defendant's freight house, tallied the marks upon the three cases of boots and shoes with those upon the tally and receipt when presented by the plaintiff's teamster, weighed the cases and signed the receipt, delivering it to the plaintiff's teamster and retaining the tally. The way bill clerk prepared the way bill from the tally. This way bill went forward with the goods to Springfield, Illinois.

Before and up to December 1, 1900, a woman of the name of Lena Singer in Springfield, Illinois, doing business under the name of L. Singer, had been known to the defendant's representatives there, and goods had been received over the defendant's line nearly every week addressed to L. Singer.

At the time of the receipt of the three cases in question and since June, 1900, there had been on file in the office of the defendant's representatives in Springfield a written order of Lena Singer of Springfield.

On November 27, 1900, the three cases in question reached Springfield and were delivered to the Samuels Transfer and Storage Company and a receipt was taken.

Afterwards, on November 27, 1900, Guralnik came to the defendant's Springfield office and claimed this shipment, and the defendant's representatives called on Lena Singer of Springfield, who also claimed the goods as hers.

These cases were marked and billed in the same manner as other goods received at Springfield for Lena Singer of Springfield.

Lena Singer resided at 807 E. Washington Street, Springfield, Illinois, and did business there in second hand and " gents' " furnishing goods, boots and shoes, during the whole of 1900. The Samuels Transfer Company always got her goods for her. She received and kept the three cases in question. Her business sign read " L. Singer," as did her business card.

The plaintiff did not know that there was any person of the name of Lena Singer or L. Singer in Springfield, Illinois, and had had no business of any kind with any person in that city by that name.

At the time of the delivery of the goods by the defendant to Lena Singer, the defendant did not call for any bill of lading or receipt, and no bill of lading or receipt was presented by Lena Singer or her representatives. The receipt was in the possession either of the plaintiff or of the banks or of Guralnik from the time of its issue up to December 26, when it was surrendered to the defendant in exchange for the bill of lading.

It was agreed that the court might draw any inferences of fact justified by the foregoing facts.

The defendant asked the judge to rule as follows:

That upon the agreed facts the plaintiff cannot recover.

That the plaintiff was bound by the clause on the back of the receipt or bill of lading providing that the cases of boots and shoes might be delivered without requiring the surrender of such receipt or bill of lading when the word " order " was not written before or after the name of the consignee, and that it was not the duty of the defendant to require the surrender of such receipt or bill of lading before delivering the goods.

That the intent of the plaintiff being uncommunicated to the defendant, except so far as expressed in the address written upon the tally by the plaintiff, such intent was of no importance, and the delivery in this case to the person who was known at Springfield, Illinois, as L. Singer was good and sufficient.

That by the power of attorney of December 15, 1900, the plaintiff confirmed and ratified the action of the defendant in delivering the goods in question to L. Singer of Springfield, Illi-

nois, and confirmed and ratified the title of L. Singer of Springfield, Illinois, to the goods in question.

The judge made the following finding:

" I find in addition to the ' agreed facts ' that there was no negligence on the part of the plaintiff in billing the goods ' straight ' ; that the defendant was not correctly satisfied that the person to whom it delivered was the person to whom the goods were sent, and was negligent in not making further inquiry before delivering said goods in the absence of the ' receipt ' or bill of lading."

The judge refused to rule as requested by the defendant, and found for the plaintiff in the sum of $135.89. The defendant alleged exceptions.

The case was argued at the bar in March, 1906, before *Knowlton,* C. J., *Morton, Lathrop, Loring,* & *Braley,* JJ., and afterwards was submitted on briefs to all the justices.

*W. Hudson,* for the defendant.

*J. Bon,* for the plaintiff.

LORING, J.    The contract of the defendant in the case at bar was to deliver the cases in question to L. Singer, Springfield, Illinois, without requiring the production of a receipt or bill of lading.

By accepting the receipt, which states the conditions upon which the property is received, the plaintiff accepted those terms as part of the contract. *Grace* v. *Adams,* 100 Mass. 505.    *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304.    *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553.    The receipt in question states on its face that these conditions are to be found on the back.    Such a receipt comes within that rule.    See in this connection *Pemberton Co.* v. *New York Central Railroad,* 104 Mass. 144 ;    *Doyle* v. *Fitchburg Railroad,* 166 Mass. 492.    By force of this contract between the parties the case at bar is brought within the rule applied on proof of custom in *Forbes* v. *Boston & Lowell Railroad,* 133 Mass. 154.

The defendant performed this contract by delivering the goods to L. Singer, Springfield, Illinois.

Whether the consignor in the case at bar meant L. Singer of Boston, Massachusetts, or L. Singer of Springfield, Illinois, is not material.    What a consignor in fact means if not communicated to the carrier is not material.    The rights of the parties

depend upon what is communicated to the carrier. *Samuel* v. *Cheney*, 135 Mass. 278. The carrier in making delivery is bound to follow that direction whatever it may mean under all the circumstances of the case.

It is agreed that the Lena Singer to whom the goods were delivered was before and at the time in question doing business in Springfield, Illinois, under the name of L. Singer, and was so known to the defendant's representatives in Springfield; also that she had been receiving goods over the defendant's line "nearly every week, addressed to L. Singer," and that "these cases were marked and billed in the same manner as other goods received at Springfield for said Lena Singer." It does not appear that there was any other L. Singer in Springfield.

Under these circumstances we see no ground for saying that the defendant did not follow the instructions given to him in delivering the goods to Lena Singer.

We cannot accede to the plaintiff's argument that because the defendant's agent in Boston had notice of the name of the consignor and consignee being the same he had notice that the goods were to be delivered to the consignor and therefore that L. Singer, Springfield, Illinois, meant L. Singer of Boston. If any inference ought to have been drawn from this fact we think it was that L. Singer of Springfield was the consignor acting through an agent in making the consignment.

Neither is it material that "the plaintiff had been doing business in Boston for eleven years, and had been sending goods to Springfield, Illinois, for about five years previous to November 21, 1900, about six or seven times a year to the same Guralnik, and had always sent his goods addressed in the same way, namely, L. Singer, Springfield, Ill., and through the defendant company, and he never had any trouble before this time." The defendant's agent in Springfield was not bound to remember and was not chargeable with knowledge of these facts. See in this connection *Raphael* v. *Bank of England*, 17 C. B. 161; *Vermilye* v. *Adams Express Co.* 21 Wall. 138; *Seybel* v. *National Currency Bank*, 54 N. Y. 288, where it is held that previous notice of loss to a subsequent purchaser of a negotiable security does not charge him with knowledge of the facts stated in the notice. Whether this is the law in Massachusetts

was left open in *Hinckley* v. *Union Pacific Railroad*, 129 Mass. 52, 59.

The issues of negligence on the part of the plaintiff and on the part of the defendant, on which the judge below tried the case, were not the issues on which the rights of the parties in the case at bar depend. Where the instructions as to delivery are doubtful under the circumstances known to the carrier, he is put on his inquiry, and the question of negligence arises. But the instructions here were not doubtful under the circumstances known to the defendant. The judge in the court below apparently acted on *Samuel* v. *Cheney*, 135 Mass. 278. There was ground for arguing that the instructions there were doubtful under the circumstances known to the carrier. It is to be observed that the charge to the jury in that case was held to have been "sufficiently favorable to the plaintiff"; it was not held to have been correct.

The conclusion to which we have come is supported by *Dunbar* v. *Boston & Providence Railroad*, 110 Mass. 26; *Samuel* v. *Cheney*, 135 Mass. 278; *M'Kean* v. *M'Ivor*, L. R. 6 Ex. 36; *Stimson* v. *Jackson*, 58 N. H. 138; *Conley* v. *Canadian Pacific Railway*, 32 Ont. 258; *The Drew*, 15 Fed. Rep. 826; *Nebraska Meal Mills* v. *St. Louis Southwestern Railway*, 64 Ark. 169.

The plaintiff evidently intended to make the goods shipped security for his draft for the unpaid balance of the purchase money due him. To do that he should have had the goods billed to his own order and then indorsed the bill of lading to the bank discounting his draft. By mistake he billed the goods "straight" and is now seeking to make the defendant liable for his own blunder.

In the opinion of a majority of the court the entry must be

*Exceptions sustained.*