FRANK SANTA MARIA *vs.* INDUSTRIAL CITY BANK AND BANKING COMPANY.

Worcester. September 25, 1950. — November 9, 1950.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Bills and Notes,* Payee, Drawee. *Bank and Banking. Fraud.*

An impostor, although he effected a sale of a stolen automobile to a dealer by representing himself to be a certain person who was the registered owner of the automobile and by displaying to the dealer a registration certificate thereof and an operator's license made out in the name of the owner, and, upon receiving from the dealer for the purchase price a check of the dealer naming the owner as payee, cashed the check at the drawee bank by using the certificate and license as a means of identification, was nevertheless the intended and actual payee of the check under his assumed name; and the bank did not incur liability to the dealer through charging the amount of the check to his account.

CONTRACT OR TORT. Writ in the Central District Court of Worcester dated September 29, 1948.

The action was heard by *Barnes,* J.

*W. I. Badger, Jr.,* (*J. E. Connelly* with him,) for the defendant.

*H. T. George,* for the plaintiff, submitted a brief.

COUNIHAN, J. This is an action of contract or tort in which the plaintiff seeks to recover the amount of a check drawn by him on the defendant in favor of one who posed as Heinz Rettig. The trial judge found for the plaintiff. Upon a report to the Appellate Division, prejudicial error was found in the failure of the judge to grant the following two requests for rulings by the defendant: 1. "There is no

evidence to warrant a finding for the plaintiff." 6. "Although the plaintiff or his agent may have been mistaken in the sort of man they dealt with was, this person was the person intended by the plaintiff or his agent as the payee of the check designated by the name he was called in the transaction and his indorsement of it was the indorsement of the payee of the check by that name." The Appellate Division ordered entry of judgment for the defendant, and the plaintiff appealed.

The substance of the evidence introduced at the trial, so far as material to the questions of law here presented, is: On March 24, 1948, the plaintiff was in the business of buying and selling used motor vehicles in Worcester, under the name and style of Metro Motor Sales. He had a checking account with the defendant under the name of one Hobby, his bookkeeper and secretary. On that day an impostor came to the plaintiff's place of business and offered for sale a Chevrolet sedan automobile which had been stolen in Ayer from Heinz Rettig of Powder House Road, Groton. The impostor told the plaintiff that he was this Heinz Rettig. He showed the plaintiff a Massachusetts automobile registration certificate and a Massachusetts automobile operator's license in the name of Heinz Rettig of Powder House Road, Groton. The plaintiff after examination found the description of the automobile in the certificate, including the motor and serial numbers, the same as that of the automobile offered for sale.

The plaintiff ascertained from the Worcester police that they had no report that the automobile had been stolen. He agreed to purchase the automobile for $1,450 and gave the impostor a check for this amount drawn on the defendant payable to Heinz Rettig. Thereupon the impostor delivered the automobile to the plaintiff, retaining the number plates, the registration certificate, and the license. On the same day the impostor presented the check to the defendant for payment. Using the same registration certificate and license as a means of identification, the impostor received $1,450 in cash from the defendant. This was charged to

the account of the plaintiff standing in the name of Hobby. The real owner of the automobile, Heinz Rettig, of Groton, had no knowledge of any of these transactions. After learning of the fraud the plaintiff recovered the automobile from one to whom he had sold it and turned it over to the police. He later made demand on the defendant for the return of the $1,450 and was refused.

The judge made a finding as follows: "I find that the plaintiff intended said check to be paid by the defendant to Heinz Rettig, or order, only."

The question of law involved is whether the loss in these circumstances should fall on the drawer or on the drawee of this check.

Both parties agree, and we concur, that a bank on which a check is drawn must at its peril ascertain the identity of the payee of the check. Payment to another will be protected only when the bank has been misled by the negligence or fault of the drawer. *Murphy* v. *Metropolitan National Bank*, 191 Mass. 159, 163. *Jordan Marsh Co.* v. *National Shawmut Bank*, 201 Mass. 397. See G. L. (Ter. Ed.) c. 107, § 45.[1] The problem therefore to be determined is who was the payee of this check, the impostor or Heinz Rettig. If the payee be the latter, the indorsement was a forgery and the plaintiff should recover. If the payee be the former, then the indorsement of the impostor was not a forgery, the plaintiff cannot recover, and c. 107, § 45, is not applicable.

No case in Massachusetts precisely in point, where a bank as drawee of a check was involved, has been brought to our attention and we have discovered none. The situation here, however, does not differ substantially from that in *Robertson* v. *Coleman*, 141 Mass. 231, where a plaintiff, who in good faith on the indorsement of an impostor cashed

---

[1] "Where a signature is forged or made without authority of the person whose signature it purports to be it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

a check given by the defendants to the impostor for property which turned out to have been stolen, was allowed to recover. It was there said at pages 232–233, "The name of a person is the verbal designation by which he is known, but the visible presence of a person affords surer means of identifying him than his name. The defendants, for a valuable consideration, gave the check to a person who said his name was Charles Barney, and whose name they believed to be Charles Barney, and they made it payable to the order of Charles Barney, intending thereby the person to whom they gave the check. The plaintiff received this check for a valuable consideration, in good faith, from the same person, whom he believed to be Charles Barney, and who indorsed the check by that name. It appears that the defendants thought the person to whom they gave the check was Charles Barney, of Swanzey, a person in existence, but it does not appear that they thought so from any representations made by the person to whom they gave the check, although this, perhaps, is immaterial. It is clear from these facts, that, although the defendants may have been mistaken in the sort of man the person they dealt with was, this person was the person intended by them as the payee of the check, designated by the name he was called in the transaction, and that his indorsement of it was the indorsement of the payee of the check by that name. The contract of the defendants was to pay the amount of the check to this person or his order, and he has ordered it paid to the plaintiff. If this person obtained the check from the defendants by fraudulent representations, the plaintiff took it in good faith and for value." This rule still prevails in this Commonwealth, as was indicated in *Murphy* v. *Metropolitan National Bank*, 191 Mass. 159, where it was said at page 162, citing *Robertson* v. *Coleman*, "the facts are different from those in the cases relied on by the defendant, in which the dealings were with an impostor who assumed a false name, and the check was intended for the person with whom the drawer was dealing, while the fraud was in the representation that he was another person whose name he assumed."

This rule likewise is supported in a great majority of other jurisdictions where the question has arisen.[1] In the case of *Land Title & Trust Co.* v. *Northwestern National Bank*, 196 Pa. 230, at 234–235, it was said that the rule where the payee's name has been forged after a check has been lost or stolen "should not apply when the check is issued to one whom the drawer intends to designate as the payee; first, because in such a case the risk is not the ordinary risk assumed by the bank in its implied contract with its depositor, but a largely increased risk, as it follows that a check thus fraudulently obtained will be fraudulently used; the bank is deprived of the protection afforded by the fact that a bona fide holder of a check will exercise care to preserve it from loss or theft, which are the ordinary risks; there is thrown upon the bank the risk of antecedent fraud practiced upon the drawer of the check, of which it has neither knowledge nor means of knowledge; secondly, because in such a case the intention with which the drawer issued the check has been carried out; the person has been paid to whom he intended payment should be made; there has been no mistake of fact except the mistake which he [the drawer] made when he issued the check."

A similar rule exists in the law of sales. In *Samuel* v. *Cheney*, 135 Mass. 278, at page 281, it was said, "The plaintiff contends that he intended to send the goods to Arthur Swannick. It is equally true that he intended to send them to the person with whom he was in correspondence. We think the more correct statement is, that he intended to send

---

[1] *United States* v. *National Exchange Bank*, 45 Fed. 163. *Security-First National Bank* v. *United States*, 103 Fed. (2d) 188. *United States* v. *First National Bank*, 131 Fed. (2d) 985. *Continental-American Bank & Trust Co.* v. *United States*, 161 Fed. (2d) 935. *Schweitzer* v. *Bank of America National Trust & Savings Association*, 42 Cal. App. (2d) 536. *E. S. Karoly Electrical Construction Co.* v. *Globe Savings Bank*, 64 Ill. App. 225. *Meridian National Bank* v. *First National Bank*, 7 Ind. App. 322. *Emporia National Bank* v. *Shotwell*, 35 Kans. 360. *Land Title & Trust Co.* v. *Northwestern National Bank*, 196 Pa. 230. *North Philadelphia Trust Co.* v. *Kensington National Bank*, 328 Pa. 298. See 50 L. R. A. 75, and cases there cited. For the minority view see *Keel* v. *Wynne*, 210 N. C. 426; *Tolman* v. *American National Bank*, 22 R. I. 462; *Simpson* v. *Denver & Rio Grande Railroad*, 43 Utah, 105. For a general discussion of the impostor rule see Abel, 1940 Wis. L. Rev. 161, 362–364; 18 B. U. L. Rev. 148.

them to the man who ordered and agreed to pay for them, supposing erroneously that he was Arthur Swannick." *Edmunds* v. *Merchants' Despatch Transportation Co.* 135 Mass. 283, 284. *Myers* v. *American Railway Express Co.* 243 Mass. 390, 393.

We are of opinion that it should be determined here as matter of law that the impostor to whom the plaintiff gave the check was the person whom he intended to pay for the automobile. We are disposed to follow the reasoning expressed in the opinion of the Appellate Division that a check must be intended to be paid to a person, not a name. This is impliedly recognized in G. L. (Ter. Ed.) c. 107, § 66, which allows a payee or indorsee whose name has been wrongly designated or misspelled to indorse the instrument as therein described, adding, if he thinks fit, his proper signature. The opinion of the Appellate Division declares, "it is a perverted statement of the whole transaction to say that the check was intended for the real Heinz Rettig and that he alone was entitled to receive payment. Rettig had no more right to the check than had the impostor. He had given nothing for it; he had not sold the automobile. Under the supposed facts on which the plaintiff acted, the impostor was the owner of the property, he was the only person present, identified by sight and hearing, who was selling the automobile, and was the person entitled to payment. The clear intention was to pay him . . . the plaintiff intended the check to be paid to the person to whom he gave it and whom he designated by the name of Rettig, because that was the name he assumed; and therefore the defendant was protected in paying the check to the very person whom the plaintiff intended to designate by the name of Heinz Rettig."

We believe this to be a correct statement of the law applicable to the facts in this action.

It is true that there are decisions in other jurisdictions contrary to what we believe to be the law in our Commonwealth. In *Tolman* v. *American National Bank*, 22 R. I. 462, a different result was reached. Without discussing the

reasoning in that case we prefer not to depart from the rule established in *Robertson* v. *Coleman,* 141 Mass. 231, supported as it has been generally in other jurisdictions.

The plaintiff argues that the Appellate Division and this court are bound by the finding of the judge that the plaintiff "intended said check to be paid by the defendant to Heinz Rettig, or order, only." It has been so well settled as to require no authority, that ordinarily this is true unless such a finding is unsupported by evidence. The Appellate Division determined that, if this finding was a finding of fact, there was nothing in the report in the way of evidence or other facts found which would warrantably support such a finding. We agree with this conclusion. If it was a ruling of law, it was erroneous for the reasons hereinbefore set forth.

It follows that there was prejudicial error in the failure of the judge to give the two requested rulings, which would have effectually disposed of this action, so that the order of the Appellate Division for judgment for the defendant was correct.

*Order of Appellate Division affirmed.*