458

Grafton,
No. 4408.

The Dartmouth National Bank of Hanover

*v.*

Keene National Bank.

Argued June 7, 1955.

Decided June 22, 1955.

*Cotton, Tesreau & Stebbins* (*Mr. Stebbins* orally), for the plaintiff.

*Faulkner, Plaut & Hanna* (*Mr. Plaut* orally), for the defendant.

KENISON, C. J.  The ultimate issue in this case is who must bear the loss as between the drawer who delivered the check to an impostor and the defendant who cashed the check upon the impostor's endorsement.  Since it frequently happens that an impostor is absent, dead or insolvent, the problem arises of assigning the loss to one of two banks which are both relatively innocent parties and free from fault.  The issue has not heretofore been decided in this state.

The plaintiff relies on *Star Fire Insurance Co.* v. *New Hampshire*

*Nat. Bank*, 60 N. H. 442. That case is distinguishable on its facts. The Uniform Negotiable Instruments Act which is applicable in this case provides: "Where a signature is forced or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge thereof, or to enforce payment therefor against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority." R. L., c. 366, s. 23. In passing it may be noted that typographical errors in this section as enacted, such as the word "forced" for forged, have not been considered as changing the intent of section 23 of the Uniform Act. The plaintiff contends that under this section the defendant had no title to the check because of the forgery and therefore is under a duty to reimburse the plaintiff. Restatement, Restitution, s. 35. While there is minority support for the plaintiff's position (*Tolman* v. *American Nat. Bank*, 22 R. I. 462), the weight of authority is to the contrary. Britton, Bills and Notes, s. 151; *McHenry* v. *Old Citizens Nat. Bank*, 85 Ohio St. 203; *Russell* v. *Second Nat. Bank of Paterson*, 136 N. J. L. 270; note, 34 Harv. L. Rev. 76; Kessler, Forged Indorsements, 47 Yale L. J. 863. According to the majority view the impostor's endorsement in the name by which the payee is described passes title to the holder in due course and the loss falls on the drawer. Anno. 112 A. L. R. 1435.

"The usual reason assigned for the result reached in the majority of cases, i. e., that the impostor got title to the instrument whether he dealt in person or by mail with the maker or the drawer, is that the defrauded party intends to deliver the instrument to the impostor although he is led by mistake to do so. The courts disregard the drawer's coexisting but conflicting intention to deliver to the person with whom he thinks he is dealing, just as they would disregard it if he handed currency to the impostor . . . . " Britton, Bills and Notes, *p*. 724. We consider the majority result to be correct but the rationale of a single controlling intent in support of that result is arbitrary, unrealistic and unconvincing. Better to say, as Williston implies, that the fundamental policy of negotiability, rather than a fictitious intention, is the real reason for placing the loss on the drawer. 5 Williston, Contracts, (Rev. ed.) s. 1517B. In the supplement to this section the decision in *Cohen* v. *Lincoln Sav. Bank*, 275 N. Y. 399, is criticized on the

ground that it "contravenes the fundamental policy of protection for negotiable instruments." See note, 86 U. of Pa. L. Rev. 526, 531; 23 Cornell L. Rev. 307.

It is doubtful that the weight of authority can be said to be opposed to the law merchant and the customary banking and commercial practices throughout the country. While some of the reasons given in support of the rule based on intent and estoppel may be criticized, the policy in favor of the free circulation of commercial paper is sufficient basis in the ordinary case for placing the loss on the drawer as the first victim of the impostor's swindle rather than on the second victim who is induced by the impostor to cash the check. For this reason the plaintiff is precluded under the statute (R. L., c. 366, s. 23) from setting up the forgery as the basis for recovery. In the absence of any contrary decision in this state we therefore adopt the majority rule here without subscribing to all of the reasons that have been advanced in its favor.

Unlike the present case there may be circumstances where the first bank has exercised care and the second bank has exercised none so that the loss can properly be allocated to the latter. There was evidence in this case that it was not required banking practice for the defendant to check endorsements on checks when presented by a depositor known to it and consequently this was not done when Fish negotiated the check at the defendant bank. So far as appears this was a normal banking practice and cannot be made the basis for shifting the loss from the plaintiff to the defendant. See *Santa Maria* v. *Industrial City Bank & Banking Co.*, 326 Mass. 440, 446. The defendant's exceptions are sustained and the order is

*Judgment for the defendant.*

All concurred.