*Northern District*

No. 5122

## HOUSEHOLD FINANCE CORP.
### v.
## NEWTON SAVINGS BANK

(August 16, 1957)

*Present:* GADSBY, P. J., ENO AND BROOKS, JJ.

*Brooks, J.* This is an action of contract or tort to recover $450 with interest. The declaration is in two counts,—first in contract, second in tort. The answer is general denial.

The case was tried on what amounted to an agreed statement of facts, substantially as hereinafter set forth. The testimony of only one witness is referred to in the report, that of an employee of defendant called by plaintiff who testified to the details of defendant's loan in question.

Following is a fair summary of the agreed facts. July 14, 1953, one Maurice O'Connell took out a loan from plaintiff evidenced by a note upon which he made payments from time to time. By September 19, 1955, there remained a balance due plaintiff on the note of $153.15 upon which there was interest of $1.12, making a total of $154.27.

Prior to September 19, 1955, O'Connell applied to defendant bank for a loan of $450. He signed the note, then at the request of the bank, took the note away in order to procure his wife's signature. He returned with the note with what purported to be his wife's signature, *which he had forged,* and received the bank's check for $450, payable to Maurice O'Connell and Mary G. O'Connell, his wife.

On September 19, 1955, O'Connell took the bank check in question to plaintiff. It contained the endorsement of himself and *the forged endorsement of his wife.* Plaintiff accepted the check, cancelled the balance of the loan, then $154.27, and gave O'Connell

$295.73 in cash. Plaintiff endorsed and deposited the check in its bank, the Newton-Waltham Bank and Trust Co.

The bank did not verify Mrs. O'Connell's signature on the note. Plaintiff did not verify her endorsement on the check.

On or about April 30, 1956, defendant discovered the forgery on the note. Meanwhile O'Connell had died on December 26, 1955. Defendant notified plaintiff of the forgery and refused to pay the check. As a result of that refusal, plaintiff has brought this action.

The bank employee who attended to the issuance of the bank's check to O'Connell and signed the check on behalf of the bank testified "that she gave the check to the person she intended to be dealing with."

At the close of the trial, defendant filed the following Requests for Rulings:

1. There is evidence to warrant a finding for the plaintiff. *Granted.*

2. There is no evidence to warrant a finding for the defendant. *Denied.*

3. A drawer of a check, who by its negligence and fault misleads a third person cannot set up forgery as a defense. *Granted.*

4. Where a check is made payable to two persons, and the endorsement of one of the payees is proper and the other an alleged forgery, the maker of the check cannot set up forgery as a defense, if it were caused by the negligence and fault of the maker. General Laws Chapter 107, Section 45. *Granted.*

5. Where a drawer of a check intends that the person it deals with to be the payee of a check and drawer designates payee by the name used in the transaction and payee's endorsement is the endorsement of payee by that name, the drawer is liable to anyone taking check in good faith and for value. See *Santa Maria v. Industrial City Bank,* 326 Mass. 440-95 N.E. 2nd 176. *Granted.*

6. Where a bank loans money to a man, who is married, and requests that the husband obtain the signature of his wife on a note, and where the said man forges his wife's signature to said note, and further where the bank through its negligence does not ascertain whether the said signature of the wife is legitimate or is a forgery and issues a check made payable in the name of said man and wife, and where the man endorses his name and that of his wife's to the said check and negotiates to an innocent holder in due course, for value and without any knowledge of any infirmities in said note, the maker of said check is precluded from setting up forgery as a defense and is liable on said check. *Granted.*

7. Where a bank intends that a certain person receive the proceeds of a check and that person does receive the proceeds, then the bank, who is the maker of a check is liable to a holder in due course of said check. *Granted.*

8. Payment of a check made payable to two or more persons jointly may be paid to either of them and the debt is thereby extinguished. See *Dewey v. Metropolitan Life Insurance,* 256 Mass. 281-152 N.E. 82 — See footnote G. L. 107, Section 64. *Granted.*

The court found for defendant on both counts in a written opinion, pertinent parts of which, without repetition, are as follows:

"I find that, while the defendant dealt directly with the husband, only, it did not intend to deal with him to the exclusion of his wife, as is evidenced by requesting him to secure her signature to the note, and making the check payable to them both.

"I rule that the plaintiff was not a holder in due course of the check but that it took the same for value in good faith and without knowledge of any infirmity.

"I further find, as a fact, that the defendant was not negligent in its dealings with Maurice O'Connell, and that the check issued to him and his wife was not negotiated through its fault or

negligence, and that it acted throughout in good faith.

"I rule that the defendant is not precluded from setting up as a defense the forged endorsement of the payee, Mary G. O'Connell, or her husband's lack of authority in signing her name.

"I find that the plaintiff was in no way mislead by the defendant, either by what it did, or failed to do. There was no such causal connection between the signing of the note, and the endorsement of the check, upon which to predicate any finding of negligence on the part of the defendant. The plaintiff could have insisted upon proof that the endorsement on the check of Mary G. O'Connell was in truth, and in fact, her signature, but, like the defendant's erroneous assumption that she signed the note, the plaintiff likewise erroneously assumed that she had, in fact, endorsed the check. It seems to me that it ill behooves the plaintiff to contend that the defendant was negligent in not making certain that the wife's signature on the note was genuine but that it, on the other hand, acted with due care and diligence in not making certain that the wife's endorsement on the check was genuine, and not a forgery.

"The plaintiff was itself lacking in the exercise of due care, and was negligent in not satisfying itself, and in not making certain, that the wife's endorsement was genuine, and not a forgery, and I so find.

"I rule that the plaintiff assumed the risk of honoring the check without such definite proof, and that it honored the endorsement at its peril.

"I rule that the plaintiff is not entitled to recover and find for the defendant on both counts.

"I give the plaintiff's requests for rulings Nos. 1, 3, 4, 5, 6, 7 and 8, but rule that they are inapplicable to the facts as found.

"I deny the plaintiff's request for rulings No. 2."

The report states that it contains all the evidence material to the questions reported.

The plaintiff claims to be aggrieved by the denial of its request for ruling No. 2, "that there is no evidence to warrant a finding for the defendant," and further claims to be aggrieved by the court's rulings; that the plaintiff was not a holder in due course of the check but that it took the same for value in good faith and without knowledge of any infirmity; that the defendant was not precluded from setting up as a defense the forged endorsement of the payee, Mary G. O'Connell, and by the further ruling that the plaintiff was in no way misled by the defendant either by what it did or failed to do and that there was no causal connection between the signing of the note and endorsement of the check upon which to predicate any finding of negligence on the part of the defendant.

The plaintiff further claims to be aggrieved in the ruling of the court that the plaintiff itself was lacking in the exercise of due care and was negligent in not satisfying itself, and in not making certain, that the wife's endorsement was genuine and not a forgery.

The plaintiff also claims to be aggrieved in the court's ruling that the plaintiff assumed the risk of honoring the check without such definite proof and that it honored the endorsement at its peril.

The plaintiff further claims to be aggrieved by the court's failure to apply the law as set forth in the plaintiff's requests for rulings Nos. 1, 3, 4, 5, 6, 7, and 8 to the facts found.

This case was ably argued. Much law was cited by counsel on both sides. The case falls within G. L. c. 107, §45 which provides:

"Where a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against

any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

The question then arises whether, under the last lines of the above section, defendant is precluded from setting up Mr. O'Connell's forgery of his wife's endorsement on the check received by him from defendant and negotiated by him to plaintiff. The determining factor in this issue is whether defendant was negligent in failing to verify Mrs. O'Connell's signature on the note before issuing the check. This was primarily a question of fact in which the court found that defendant was not negligent.

On the other hand the court found also as a fact that plaintiff was negligent in failing to verify Mrs. O'Connell's signature endorsing the check issued by the bank. These findings of fact are not to be disturbed unless plainly wrong. *Herman v. Sadolf*, 294 Mass. 358, 360; *Bridges v. Hart*, 302 Mass. 239, 242; *Hannon v. Hayes-Bickford Lunch System, Inc.*, 336 Mass. 268.

It would seem more logical to have found none or both of the parties negligent under these circumstances. If neither was negligent, defendant was not precluded from setting up the forgery as a good defense to this action. On the other hand, if both parties were negligent, plaintiff is hardly in a position to call the kettle black. Such circumstances might well call for application of the familiar maxim, "Let the loss lie where it falls," — in this case on plaintiff.

We have considered plaintiff's argument that defendant's negligence precipitated subsequent events. We have also considered the argument that defendant's delay in notifying plaintiff of the forgery should entitle plaintiff to recover. These arguments seem to us to have little weight. In any event, we are not disposed to hold that the end result reached by the

trial court was wrong or to rule that prejudicial error was committed in the disposition of the Requests for Rulings.

David Sanderson, for the Defendant.

Philip Barsh, for the Plaintiff.

*Report is to be dismissed.*