*Southern District*

## No. 103

## SALVO MACHINERY CO., INC.
### v.
## ASSOCIATED TRANSPORT, INC.

Argued: April 17, 1975. Decided October 10, 1975.

This case tried to *Silva,-J.,* in the Second District Court of Bristol. Number: 38314.

Present: Murphy, P.J., Rider, J., Hurd, J.

For defendant: Nathan J. Sokoletsky.

**Hurd, J.** This is an action of contract in which the plaintiff claims that the defendant carrier failed to collect on delivery and remit to the plaintiff the sum of $6,673, representing the price of certain items manufactured by the plaintiff on order of a third party which items were shipped under a bill of lading by way of the defendant carrier to a customer of the third party. Besides an answer of general denial and payment, the defendant carrier also answered specially that there was no contractual relationship between it and the plaintiff manufacturer.

The court found for the plaintiff in the sum of $6,673.

*At the trial there was evidence to show that* the plaintiff, a manufacturer of food processing machinery and equipment in Fall River, made three air polluting scrubbers for a company called Centrific Air Products, Inc. of New Jersey. When the scrubbers were ready for shipment, one J. W. Theodories, Vice President of Centrific Air Products, came to the plaintiff's plant in Fall River and delivered a bill of lading to the plaintiff's plant superintendent, which bill of lading had been completed in all respects, except for the date, name of delivering carrier and weight of shipment. The plaintiff's employees then notified the defendant carrier to pick up the shipment and thereafter completed the bill of lading by inserting therein the date of shipment, the name of the delivering carrier and the weight of the shipment. The pertinent portions of the bill of lading, a copy of which was attached to the report named the shipper, Centrific Air Products, P. O. Box 688, Englewood, N. J., the consignee, Bendix Corp., Electrical Components Division, Sidney, New York and the delivering carrier, Associated Transport, Inc. After the name of the shipper there followed the signature "J. W. Theodories, V.P." The bill of lading directed the defendant carrier to "collect on delivery" the sum of $6,673.00 *and remit to Centrific Air Products c/o Salvo Machinery,* 218 *Shove St., Fall River, Mass.* 02724." (Emphasis supplied). The bill of lading also required that ". . . (the) carrier shall not make delivery of this shipment without payment of freight and all other lawful charges." This provision was initialed "JWT" in the space provided for "Signature of Consignor".

There was evidence that despite the provision in bill of lading for the collection on delivery of $6,673.00 from the consignee, the defendant carrier after telephone conversations between its employees and the consignee, Bendix, delivered the shipment without collecting the C.O.D. charge and thereafter Bendix delivered the defendant carrier its check made payable to the consignor, Centrific Air Products, which the

defendant carrier in turn remitted to the consignor at its New Jersey address rather than in care of the plaintiff, Salvo, in Fall River, Massachusetts.

The defendant filed several requests for rulings all but one of which were denied by the trial justice. We need only consider defendant's request for ruling numbered 6 and the justice's ruling and disposition which follows:

"6. Upon all the evidence, a finding is warranted that there is no privity of contract between the plaintiff and the defendant. *DENIED. I find that there was a direct contractual relationship between the plaintiff and the defendant, and that the defendant breached its contract by delivering the goods to the consignee in violation of the 'collect' and 'remit' terms of the bill of lading.*"

We cannot agree with this finding as there was no evidence to support it.

It has been held generally that a carrier, undertaking the responsibility of collecting on delivery, assumes a double obligation as bailee to transport and as agent to collect. *Mogul v. C. Lewis Lavine, Inc.,* 247 N.Y. 20 (1928); *Chaning v. Riddle Aviation Co.,* 203 Misc. 844, 119 N.Y.S. 2d. 552 (1953). As expounded in *National Van Lines, Inc. v. Rich Plan Corp.,* 385 F. 2d 800, 802 (5th Cir. 1967), ". . . (t)he C.O.D. shipment is not the ordinary contract of carriage and the duties of the carrier are thus different from its usual contractual arrangement. The carrier under a C.O.D. contract has a dual function: as bailee to transport the goods, and as the consignor's agent to collect the price from the consignee. There is no common law duty to act as collection agent and the C.O.D. obligation is a special service without the scope of the carrier's public services . . . Therefore, the duty must be created by the contract." See: *Williston on Contracts,* Third Edition, §1117.

In the instant case the contract of carriage was evidenced by the bill of lading, which was prepared by Centrific Air Products and in which Centrific Air Products is named as consignor. The Uniform Commercial Code defines "consignor" as "the person named in a bill as the person from whom the goods have been received for shipment". G. L. (Ter. Ed.) c. 106, §7 - 102(c). The bill of lading or contract of carriage was C.O.D. which required the defendant carrier to collect the sum of $6,673.00 at time of delivery and remit this sum to the consignor named in the bill of lading, Centrific Air Products.

While the evidence discloses that the defendant carrier failed to collect on delivery, the price of the manufactured items, pursuant to the terms of the bill of lading, it subsequently received payment from the consignee in the form of a check made payable to the consignor, which it remitted to the consignor at its New Jersey address. The acceptance by the consignor of this mode of payment would seem to us to constitute ratification of the defendant carrier's acts in connection with this delivery. *Compuknit Industries Inc. v. Mercury Motors Express, Inc.*, 72 Misc. 2d 55, 337 N.Y.S. 2d 918 (1972).

While it is well established that "a carrier in making delivery of the goods shipped is bound to follow the directions of the consignor under all circumstances", *Myers v. American Railway Express Co.*, 243 Mass. 390, 392 (1923), *Singer v. Merchants Despatch Transportation Co.*, 191 Mass. 449, 455 (1906), it is equally well established that such directions may be altered by subsequent instructions from the consignor. *New Orleans Shrimp Co. v. Refrigerated Transport Co.*, 199 So. 2d 25 (1967 La. App.); *Daylight Burner Co. v. Odlin*, 51 N. H. 56 (1871).

We fail to see how the defendant carrier can be held liable to the plaintiff under the terms of the contract of carriage as evidenced by the bill of lading. The name of the plaintiff appears in the bill of lading, not

as consignor, consignee or carrier, but simply as the person in whose care payment of the price of the manufactured items was to be remitted to the consignor. That the consignor saw fit to accept a different means of remittance would not appear to create any obligation on the part of the defendant to remit the payment through the plaintiff to the consignor as originally contemplated by the terms of the bill of lading.

It appears that the plaintiff had ample opportunity to amend the bill of lading or substitute another for it in which it was named consignor rather than Centrific Air Products. If the plaintiff intended that remittance should have been made to it rather than to Centrific Air Products, it should have manifested such intent in the bill of lading. Where there was no explanation offered as to the failure to designate the plaintiff as consignor, we would simply be indulging in conjecture and speculation were we to assign a reason therefor.

In *Singer v. Merchants Despatch Transportation Co.*, 191 Mass. 449, the plaintiff, a shoe dealer in Boston named Louis Singer, delivered cases of shoes to the defendant carrier for shipment to "L. Singer, Springfield, Ill." The defendant accepted the shipment and gave the plaintiff a receipt which provided, among other things, that the goods could be delivered to the "order" of the consignee without requiring the production or surrender of the bill of lading. The carrier delivered the cases of shoes to a Lena Singer, a dealer in second hand goods in Springfield, Ill. doing business under the name of "L. Singer", who was known to the defendant as it had made numerous deliveries to her. The plaintiff intended to direct the cases to himself in Illinois and did not know of the existence of the other L. Singer. The court in sustaining defendant's exceptions to the finding of the trial justice, held at pages 454 - 455:

"The defendant performed this contract by delivering the goods to L. Singer, Springfield,

Illinois. Whether the consignor in the case at bar meant L. Singer of Boston, Massachusetts, or L. Singer of Springfield, Illinois, is not material. What a consignor in fact means if not communicated to the carrier is not material. The rights of the parties depend upon what is communicated to the carrier . . . The carrier in making delivery is bound to follow that direction whatever it may mean under all the circumstances of the case."

At page 456 the court said:

'The plaintiff evidently intended to make the goods shipped security for his draft for the unpaid balance of the purchase money due him. To do that he should have had the goods billed to his own order and then endorsed the bill of lading to the bank discounting his draft. By mistake he billed the goods 'straight' and is now seeking to make the defendant liable for his own blunder . . ."

The special finding of the trial justice that there was a direct contractual relationship between the plaintiff and the defendant is unsupported by the evidence. If it was a finding of fact "there was nothing in the report in the way of evidence or other facts found which would warrantably support such a finding . . . If it was a ruling of law, it was erroneous for the reasons hereinbefore set forth." *Santa Maria v. Industrial City Bank & Banking Co.,* 326 Mass. 440, 446 (1950).

The denial of the defendant's request for ruling of law cited herein was in error. The finding for the plaintiff is vacated. **Judgment is to be entered for the defendant.**